IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON YATES,<br><br>                    Petitioner,<br><br>    v.<br><br>STEWART RYAN,<br><br>                    Respondent.<br>_____/ | No. C 04-02445 WHA<br><br>**ORDER DENYING MOTION FOR AN EVIDENTIARY HEARING AND FOR AN ORAL ARGUMENT ON PETITION FOR WRIT OF HABEAS CORPUS** |

**INTRODUCTION**

Pursuant to Habeas Corpus Local Rules 2254-7(a) and 2254-8(a), petitioner requests an evidentiary hearing and/or oral argument for his petition for writ of habeas corpus. He made a proper timely request within fifteen days from the filing of the traverse memorandum. Under the stringent standards set forth by the Antiterrorism and Effective Death Penalty Act of 1996, petitioner has failed to show why he is entitled to an evidentiary hearing and/or oral argument. His motion is therefore **DENIED**.

**ANALYSIS**

Since the enactment of the AEDPA, a district court's discretion to grant an evidentiary hearing has been considerably reduced. A district court presented with a request for an evidentiary hearing must determine whether a factual basis exists in the record to support the petitioner's claim. A prisoner fails to develop the factual basis of a claim in state court proceedings if there is a "lack of diligence or some greater fault attributable to prisoner or

prisoner's counsel." *Williams v. Taylor*, 529 U.S. 420, 432 (2000). "Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law." *Id.* at 437.

Under California state law, however, "an appellate court, when presented with a state habeas petition, determines whether an evidentiary hearing is warranted only after the parties file formal pleadings, if they are ordered to do so." *Horton v. Mayle*, 408 F.3d 570, 582 n.6 (9th Cir. 2005). So if a petitioner never reached the stage of proceedings in which an evidentiary hearing had to be formally requested, there is no failure to develop the factual basis on this ground.

If a petitioner has exercised sufficient diligence in seeking to develop the factual basis of his claim in state court proceedings, a court then assesses the availability of an evidentiary hearing under pre-AEDPA law. *Ibid.* "Under pre-AEDPA law, a habeas petitioner is entitled to an evidentiary hearing on a claim where the facts are in dispute if (1) he has alleged facts that, if proven, would entitle him to relief, and (2) he did not receive a full and fair evidentiary hearing in state court." *Ibid.*

Alternatively, if petitioner failed to develop the factual basis, he would have to establish one of the two narrow exceptions set forth in AEDPA. *Baja v. Ducharme*, 187 F.3d 1075, 1077–79 (9th Cir. 1999). According to 28 U.S.C. 2254(e)(2):

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that —
>
> (A) the claim relies on —
>
> > (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

2

This order notes that Yates does not base his claim on a new rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review. As a result, if he has not developed the factual basis of his claims in state court, to be granted an evidentiary hearing, Yates must show that his claim relies on (i) a factual predicate that could not have been previously discovered through the exercise of due diligence, and (ii) the facts underlying his claim would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. This order will now address each of the factual issues relied upon by petitioner to justify an evidentiary hearing.

### 1. PETITIONER'S EXPERT, ROBERT VENKUS.

Mr. Yates contends that the state questions the credentials of its forensics expert, Robert Venkus. If granted an evidentiary hearing, he says, Mr. Venkus' expertise could be established through courtroom testimony.

This order finds that an evidentiary hearing is not warranted. Petitioner argues otherwise. He pleaded that Mr. Venkus was a forensic expert in his state supreme court petition (Resp. Exh. J at 3). Yates concedes, however, that Mr. Venkus' declaration was not attached to the state supreme court petition. Petitioner has no one to blame but himself that the qualifications of Mr. Venkus were not developed in state court. Moreover, even if the factual record had been developed, Mr. Yates has not alleged facts that, if proven, would entitle him to relief.

Nor does this claim fall within one of Section 2254(e)(2)'s narrow exceptions. Further evidence of Mr. Venkus' qualifications is not sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found Mr. Yates guilty of the underlying offense. Accordingly, an evidentiary hearing cannot be granted on this basis.

### 2. RELIABILITY OF VENKUS' RECONSTRUCTIONS.

One of the state's arguments in opposing Mr. Yates' request for habeas relief was that Venkus' reconstruction was unreliable and any number of scenarios could have accounted for the angle of the bullet path. Mr. Yates argues, "Petitioner specifically states in his moving

3

1  papers, "If the court is not satisfied with petitioner's explanation in the traverse that the number
2  of combinations was limited by Keeter's testimony about the position of the shooter and the
3  victim, then an evidentiary hearing in which Venkus (and possibly a medical examiner) would
4  testify is necessary so petitioner can resolve the factual disputes" (Br. 2).  Mr. Yates does not
5  offer any other explanation or proof why an evidentiary hearing is necessary on this ground.

6  Again, this order finds Mr. Yates' argument to be unconvincing.  "[C]onclusory
7  allegations by counsel that are unsworn and unsupported by any proof or offer of proof do not
8  provide an adequate basis to obtain a federal evidentiary hearing."  *Williams v. Woodford*, 384
9  F.3d 567, 588 (9th Cir. 2004).  Petitioner essentially argues that, if he has not provided enough
10 evidence to warrant judgment in his favor, he would like to be given further opportunity to do
11 so.  Yet he only offers conclusory allegations that are unsworn and unsupported by proof.
12 Furthermore, "an evidentiary hearing is *not* required on issues that can be resolved by reference
13 to the state court record."  *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998) (emphasis in
14 original).  There is evidence in the state court record to show that any number of culpable
15 situations could have explained the angle of the bullet path.  Consequently, Mr. Yates shows
16 that there is no basis for granting his motion.

17 **3.  TACTICAL DECISIONS MADE BY TRIAL COUNSEL.**

18 Mr. Yates maintains that an evidentiary hearing is necessary to show that "petitioner
19 could establish that counsel's decisions were not tactical and that they were based, instead, on a
20 failure to investigate or a mistake of law" (Br. 2).  Again, he does not elaborate on this claim
21 nor does he provide any additional evidence in support.  This argument is unpersuasive for the
22 same reasons in the earlier section; Mr. Yates' request rests on mere conclusory allegations.  It
23 is not that he did not provide a declaration from trial counsel; it is because he did not provide
24 *any* proof or offer of proof to provide an adequate basis for an evidentiary hearing.

25 **4.  PHOTOS OF THE MANNEQUIN.**

26 The state questioned the accuracy of two photographs appended to the petition that
27 depicted the mannequin used to recreate parts of the case.  Petitioner says that any doubt about
28 the circumstances of the taking of the photograph could be resolved at an evidentiary hearing

4

through the testimony of Mr. Venkus. Trial counsel or another witness present at the trial could testify regarding how the mannequin was shown to the jury.

An evidentiary hearing is still unwarranted. Assuming *arguendo* that petitioner exercised sufficient diligence in seeking to develop the factual basis of his claim in state court, he has not alleged facts that, if proven, would entitle him to relief. In other words, even if Mr. Venkus' photograph were deemed accurate, it would not mean that co-defendant James Keeter would be deemed the shooter rather than Mr. Yates, in light of the other evidence.

### 5. INQUIRY INTO ATTORNEY-CLIENT RELATIONSHIP.

Finally, petitioner says that, "in connection with the petitioner's claim that the state failed to conduct an adequate post-trial inquiry into whether the attorney-client relationship had broken down, at an evidentiary hearing petitioner and trial counsel could testify, establishing that the relationship had indeed deteriorated to the extent that substitution of counsel was constitutionally required" (Br. 2).

Mr. Yates argues that fact development on this claim occurred in the post-trial pre-sentence period. Petitioner, however, did have the opportunity to develop this record in state court. The trial court granted his request to discharge his retained trial counsel and appoint a public defender. After the public defender stated that he could not take petitioner's case, petitioner's initial trial counsel was reinstated. The state trial court also held two *Marsden* hearings in March 1996. (These hearings allow a court to hear problems between a defendant and his court-appointed counsel.) Mr. Yates therefore has not shown that he did not receive a full and fair evidentiary hearing in state court.

## CONCLUSION

For the foregoing reasons, petitioner's request for an evidentiary hearing and/or oral argument is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 14, 2008.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

5